IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TINA ROOT | ) | CASE NO. |
| 516 South Jonesville Street | ) | |
| Montpelier, Ohio 43543 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| DECORATIVE PAINT INCORPORATED | ) | |
| c/o John Simon | ) | **(Jury Demand Endorsed Herein)** |
| 700 Randolph Street | ) | |
| Montpelier, Ohio 43543 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Tina Root, by and through undersigned counsel, as her Complaint against the Defendant, states and avers the following:

## PARTIES

1. Root is a resident of the city of Montpelier, county of Williams, state of Ohio.

2. Decorative Paint Incorporated ("Decorative Paint") is a domestic corporation that operated a business located at 700 Randolph Street, Montpelier, Ohio 43543.

3. Decorative Paint was at all times hereinafter mentioned an employer within the meaning of 29 U.S.C. § 2601 *et seq.*

4. Decorative Paint was at all times hereinafter mentioned an employer within the meaning of 42 U.S.C. § 12101 *et seq.*

5. Decorative Paint was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq.*

## JURISDICTION & VENUE

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Root is alleging a Federal Law Claim under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

7. All material events alleged in this Complaint occurred in Williams County.

8. This Court has supplemental jurisdiction over Root's state law claims pursuant to 28 U.S.C. § 1367 as Root's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

10. Within 300 days of the conduct alleged below, Root filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2021-00315 against Decorative Paint.

11. On May 12, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Root regarding the Charges of Discrimination brought by Root against Decorative Paint in EEOC Agency Charge No. 532-2021-00315.

12. Root received her Right to Sue letter from the EEOC which has been attached hereto as Plaintiff's Exhibit A.

13. Root has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

14. Root has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

15. Root is a former employee of Decorative Paint.

16. Root began working for Decorative Paint on or around September 6, 2016.

17. Decorative Paint employed Root as a Laborer.

18. Root had a strong history of performance with Decorative Paint.

19. Root consistently received pay raises.

20. Root did not have any history of meaningful discipline.

21. Robbi Roberts was Root's supervisor.

22. Decorative Paint employed Roberts as a Production Manager.

23. During all material events asserted herein, Roberts has and/or had authority to hire, fire, and/or discipline employees.

24. Roberts did not participate in the decision to hire Root.

25. Root initially worked in the Rework Department.

26. Decorative Paint is subject to the provisions of the FMLA.

27. As of February 10, 2020, Root qualified for protected leave under the FMLA.

28. As of February 10, 2020, Root worked for Decorative Paint for at least 12 months.

29. As of February 10, 2020, Root had at least 1,250 hours of service for Decorative Paint during the previous 12 months.

30. As of February 10, 2020, Root was entitled to utilize FMLA leave.

31. On or around February 10, 2020, Root utilized FMLA leave to have knee replacement surgery.

32. Root's physician approved Root to return to work as of May 10, 2020.

33. Sarah Fuller prevented Root from returning to work on May 10, 2020, due to COVID-19.

34. Decorative Paint employed Fuller as a Personnel Manager.

35. Decorative Paint allowed Root to return to work on or around July 21, 2020.

36. Upon Root's return to work, Decorative Paint placed Root on the D-Line.

37. Due to the placement on the D-Line, Root worked in a small room full of paint fumes and very poor ventilation.

38. Root suffers from Chronic Obstructive Pulmonary Disease ("COPD") and asthma.

39. Defendant was not aware at the time of hiring Root that she suffered from COPD and asthma.

40. Root's COPD and asthma made it very difficult to breathe in the small room full of paint fumes and very poor ventilation.

41. Root's COPD and asthma were physical impairments.

42. Root's COPD and asthma substantially limit one or more of her major life functions, including breathing.

43. Root's COPD and asthma substantially limit one or more of her major life functions, including working.

44. As a result of suffering from COPD and asthma, Root is disabled.

45. Alternatively, Defendant perceived Root to be disabled.

46. Despite any real or perceived disability, Root was capable of performing her essential job functions with or without reasonable accommodation(s).

47. Root disclosed her disability to Defendant.

48. After disclosing her disability to Defendant, Defendant instructed Root to continue working in the small room full of paint fumes and very poor ventilation.

49. After leaving work on July 21, 2020, Root contacted her physician regarding the working conditions and her disability.

50. Root's physician provided her a note requesting that Root work in a room without paint fumes due to her COPD and asthma.

51. On or around July 22, 2020, Root provided her physician's note to Chris Ackney.

52. Ackney was Root's supervisor.

53. The physician's note was a request for reasonable accommodations.

54. After the accommodation request, Fuller and Roberts called Root into a meeting ("July 22 Meeting").

55. During the July 22 Meeting, Roberts stated that Root was a liability and he could not have her in the factory.

56. During the July 22 Meeting, Defendant terminated Root's employment.

57. Defendant failed to engage in the interactive discussion with Root regarding reasonable accommodations.

58. Defendant terminated Root's employment in retaliation for taking legally protected leave under the FMLA.

59. Defendant terminated Root's employment due to her disability.

60. Alternatively, Defendant terminated Root's employment because they perceived her to be disabled.

61. Terminating Root's employment was an adverse employment action.

62. Terminating Root's employment was an adverse action.

63. Defendant intentionally terminated Root's employment.

64. Defendant willfully made the decision to terminate Root's employment.

## COUNT I: RETALIATION IN VIOLATION OF THE FMLA

65. Root restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

66. Pursuant to 29 U.S.C. § 2601 et seq., covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

67. Decorative Paint is a covered employer under the FMLA.

68. As of February 10, 2020, Root qualified for protected leave under the FMLA.

69. As of February 10, 2020, Root worked for Decorative Paint for at least 12 months.

70. As of February 10, 2020, Root had at least 1,250 hours of service for Decorative Paint during the previous 12 months.

71. As of February 10, 2020, Root was entitled to utilize FMLA leave.

72. On or around February 10, 2020, Root utilized FMLA leave to have knee replacement surgery.

73. After Root utilized her qualified FMLA leave, Defendant retaliated against her.

74. Defendant retaliated against Root by forcing her to work in the small room full of paint fumes and very poor ventilation.

75. Defendant retaliated against Root by terminating her employment.

76. Defendant willfully retaliated against Root in violation of U.S.C. § 2615(a).

77. As a direct and proximate result of Defendant's wrongful conduct, Root is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 12101 *et seq.*

78. Root restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

79. Root suffers from COPD and asthma.

80. Defendant were not aware at the time of hiring Root that she suffered from COPD and asthma.

81. Root's COPD and asthma made it very difficult to breathe in the small room full of paint fumes and very poor ventilation.

82. Root's COPD and asthma were physical impairments.

6

83. Root's COPD and asthma substantially impair one or more of her major life functions, including breathing.

84. Root's COPD and asthma substantially impair one or more of her major life functions, including working.

85. As a result of suffering from COPD and asthma, Root is disabled.

86. Alternatively, Defendant perceived Root to be disabled.

87. Despite any real or perceived disability, Root was capable of performing her essential job functions with or without reasonable accommodation(s).

88. Root disclosed her disability to Defendant.

89. Defendant treated Root differently than other similarly-situated employees based on her disabling condition.

90. Alternatively, Defendant treated Root differently than other similarly-situated employees based on her perceived disabling condition.

91. On or about July 22, 2020, Defendant terminated Root's employment without just cause.

92. Defendant terminated Root's employment based her disability.

93. Alternatively, Defendant terminated Root's employment based her perceived disability.

94. Defendant violated 42 U.S.C. § 12101 *et seq.* when it discharged Root based on her disability.

95. Alternatively, Defendant violated 42 U.S.C. § 12101 *et seq.* when it discharged Root based on her perceived disability.

96. Defendant violated 42 U.S.C. § 12101 *et seq.* by discriminating against Root based on her disabling condition.

97. Alternatively, Defendant violated 42 U.S.C. § 12101 *et seq.* by discriminating against Root based on her perceived disabling condition.

98. Root suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. § 12101 *et seq.*

99. As a direct and proximate result of Defendant's conduct, Root suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT III: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

100. Root restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

101. Root suffers from COPD and asthma.

102. Defendant were not aware at the time of hiring Root that she suffered from COPD and asthma.

103. Root's COPD and asthma made it very difficult to breathe in the small room full of paint fumes and very poor ventilation.

104. Root's COPD and asthma were physical impairments.

105. Root's COPD and asthma substantially impair one or more of her major life functions, including breathing.

106. Root's COPD and asthma substantially impair one or more of her major life functions, including working.

107. As a result of suffering from COPD and asthma, Root is disabled.

108. Alternatively, Defendant perceived Root to be disabled.

109. Despite any real or perceived disability, Root was capable of performing her essential job functions with or without reasonable accommodation(s).

110. Root disclosed her disability to Defendant.

111. Defendant treated Root differently than other similarly-situated employees based on her disabling condition.

112. Alternatively, Defendant treated Root differently than other similarly-situated employees based on her perceived disabling condition.

113. On or about July 22, 2020, Defendant terminated Root's employment without just cause.

114. Defendant terminated Root's employment based her disability.

115. Alternatively, Defendant terminated Root's employment based her perceived disability.

116. Defendant violated R.C. § 4112.01 *et seq.* when it discharged Root based on her disability.

117. Alternatively, Defendant violated R.C. § 4112.01 *et seq.* when it discharged Root based on her perceived disability.

118. Defendant violated R.C. § 4112.01 *et seq.* by discriminating against Root based on her disabling condition.

119. Alternatively, Defendant violated R.C. § 4112.01 *et seq.* by discriminating against Root based on her perceived disabling condition.

120. Root suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

121. As a direct and proximate result of Defendant's conduct, Root suffered and will continue to suffer damages, including economic and emotional distress damages.

## **COUNT IV: FAILURE TO ACCOMODATE UNDER 42 U.S.C. § 12101** *et seq.*

122. Root informed Defendant of her disabling condition.

123. Root requested accommodations from Defendant to assist with her disabilities, including moving to a different location.

124. Root's requested accommodations were reasonable.

125. There was an accommodation available that would have been effective and would have not posed an undue hardship to Defendant.

126. Defendant failed to engage in the interactive process of determining whether Root needed an accommodation.

127. Defendant failed to provide an accommodation.

128. Defendant violated The Americans with Disabilities Act (ADA) 42 U.S.C. § 12101 *et seq.*

129. As a direct and proximate result of Defendant's conduct, Root suffered and will continue to suffer damages, including economic and emotional distress damages.

### **COUNT V: FAILURE TO ACCOMODATE UNDER R.C. § 4112.01** *et seq.*

130. Root informed Defendant of her disabling condition.

131. Root requested accommodations from Defendant to assist with her disabilities including moving to a different location.

132. Root's requested accommodations were reasonable.

133. There was an accommodation available that would have been effective and would have not posed an undue hardship to Defendants.

134. Defendant failed to engage in the interactive process of determining whether Root needed an accommodation.

135. Defendant failed to provide an accommodation.

136. Defendant violated R.C. § 4112.02 by failing to provide Root a reasonable accommodation.

137. Root suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

138. As a direct and proximate result of Defendant's conduct, Root suffered and will continue to suffer damages, including economic and emotional distress damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Root demands from Defendant the following:

(a) Issue an order requiring Defendant to restore Root to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Root for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Root's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

                                              Respectfully submitted,

                                              */s/ Fred M. Bean*
                                              Fred M. Bean (0086756)
                                              Taurean J. Shattuck (0097364)
                                              David Byrnes (0086975)
                                              **THE SPITZ LAW FIRM, LLC**
                                              25200 Chagrin Boulevard, Suite 200
                                              Beachwood, OH 44122
                                              Phone: (216) 291-4744
                                              Fax:   (216) 291-5744
                                              Email:  Fred.Bean@spitzlawfirm.com
                                                             Taurean.Shattuck@spitzlawfirm.com
                                                             David.Byrnes@spitzlawfirm.com

                                              *Attorneys For Plaintiff*

## **JURY DEMAND**

Plaintiff Tina Root demands a trial by jury by the maximum number of jurors permitted.

                                              */s/ Fred M. Bean*
                                              Fred M. Bean (0086756)
                                              Taurean J. Shattuck (0097364)
                                              David Byrnes (0086975)