UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tina Root,                                                                   Case No. 3:21-cv-1552

                 Plaintiff,

v.                                                                         ORDER

Decorative Paint Incorporated,

                 Defendant.

## I.      INTRODUCTION

After nearly four years of litigation, this case is set for a jury trial to begin on July 21, 2025. On the eve of trial, the parties dispute whether Defendant may present evidence of "undue hardship." (*See* Doc. Nos. 58 and 67). Plaintiff argues "undue hardship" is an affirmative defense Defendant has waived by failing to raise it in its Answer. (Doc. Nos. 59 and 68). Defendant does not dispute that it did not raise undue hardship as an affirmative defense. But Defendant argues, "[t]he undue burden analysis is a matter of course; it is not reserved solely for situations where the defendant raised undue burden as an affirmative defense." (Doc. No. 70 at 7). Alternatively, Defendant urges me to "find that Plaintiff has waived and is otherwise estopped from arguing that undue burden is a waived affirmative defense." (*Id.* at 8).

After reviewing the parties' relevant briefing and hearing oral argument during the July 1 and July 14, 2025 pretrial conferences, I reject Plaintiff's argument that Defendant's failure to plead "undue hardship" in its Answer resulted in waiver. But I deny Defendant's proposal to incorporate "undue hardship" into any instruction related to Plaintiff's claim of failure to accommodate under

the theory of failure to engage in the interactive process.[1]  I also order counsel to meet and confer about the evidence Defendant seeks to present in support of "undue hardship," as I explain further below.

## II. DISCUSSION

The Americans with Disabilities Act ("ADA") prohibits an employer from "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity."  42 U.S.C. § 12112(5)(A).  The Code of Federal Regulations further provides, "[i]t may be a defense to a charge of discrimination, as described in § 1630.9, that a requested or necessary accommodation would impose an undue hardship on the operation of the covered entity's business."  29 C.F.R. § 1630.15(d).

The Sixth Circuit has not analyzed whether "undue hardship" is an affirmative defense.  But as noted by the parties, it has stated in a concurring opinion, " 'undue hardship' . . . under 42 U.S.C. § 12112(b)(5)(A), is an affirmative defense," *Hamlin v. Charter Twp. Of Flint*, 165 F.3d 426, 439 (6th Cir. 1999) (J. Nelson, concurring).  I assume solely for purposes of this analysis that "undue hardship" is an affirmative defense.[2]

---

[1] During the July 14, 2025 pretrial conference, Defendant's counsel suggested that Plaintiff had not pled a failure to accommodate claim under the theory of failure to engage in the interactive process. While I agree Plaintiff did not assert this as a separate "Count," she did raise it as a violation within her two "Counts" of failure to accommodate under the ADA and Ohio anti-discrimination law. (Doc. No. 1 at 9-10).  As such, I reject any argument that Plaintiff cannot pursue a failure to accommodate claim under the theory of failure to engage in the interactive process.

[2] In their briefing, the parties offer no legal analysis or authority related to statutory construction, analogous defenses, or affirmative defenses to inform my baseline decision on whether "undue hardship" is an affirmative defense.  Without such argument or authority, I decline to make a hasty determination on this issue.

Federal Rule of Civil Procedure 8(c) requires that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense."[3] Fed. R. Civ. P. 8(c). "Failure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense." *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004). But "[i]t is well established . . . that failure to raise an affirmative defense by responsive pleading does not *always* result in waiver." *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993) (emphasis added). As the *Moore* court explained:

> The Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it. *Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 350, 91 S.Ct. 1434, 1453, 28 L.Ed.2d 788 (1971). "Thus, if a plaintiff receives notice of an affirmative defense by some means other than pleadings, 'the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.' " *Grant v. Preferred Research, Inc.,* 885 F.2d 795, 797 (11th Cir.1989) (quoting *Hassan v. United States Postal Serv.,* 842 F.2d 260, 263 (11th Cir.1988)). *See also Charpentier,* 937 F.2d at 864 ("It has been held that a 'defendant does not waive an affirmative defense if [h]e raised the issue at a pragmatically sufficient time and [the plaintiff] was not prejudiced in its ability to respond.' ") (quoting *Lucas v. United States,* 807 F.2d 414, 418 (5th Cir.1986) (quoting *Allied Chemical Corp. v. MacKay,* 695 F.2d 854, 855–56 (5th Cir.1983)); *Mackay,* 695 F.2d at 855–56 ("Where the matter is raised in the trial court in a manner that does not result in unfair surprise ... technical failure to comply precisely with Rule 8(c) is not fatal."); *Pierce v. County of Oakland,* 652 F.2d 671 (6th Cir.1981) (affirmative defense not waived, even though not specifically pleaded, where defense clearly appears on face of the pleading and is raised in motion to dismiss).

992 F.2d at 1445.

At this juncture, Plaintiff argues the jury should not be instructed on "undue hardship" because "Defendant never raised or even alluded to an undue burden defense in its Answer" and "Defendant never raised or mentioned this defense until minimally doing so in its motion for

---

[3] Defendant suggests that if "undue hardship" is an affirmative defense, the general rules applied to specifically enumerated Rule 8(c) defenses do not apply. (Doc. No. 70 at 8). I reject this argument. Rule 8(c): "in responding to a pleading, a party must affirmatively state *any* avoidance or affirmative defense, *including*: [a list of enumerated affirmative defenses]." Fed. R. Civ. P. 8(c). The list set forth is not a exclusive list of the only affirmative defenses that must be pled but instead illustrates the types of defenses that must be pled as affirmative defenses.

3

summary judgment." (Doc. No. 68 at 15). Plaintiff asserts she will be prejudiced if Defendant is permitted to argue "undue hardship" at trial for the following reasons:

> Because Defendants waited to raise the undue burden affirmative defense until after the close of discovery, Plaintiff did not conduct discovery on many of the elements of an undue affirmative defense, including the nature and cost of the accommodation, the overall financial resources of the Defendant, and the impact of the accommodation upon the operation of the facility, among other issues. Moreover, despite being required to disclose any facts and documents that support any affirmative defense as part of initial disclosures, Defendant provided no such facts nor documents. To allow Defendant to proceed with an undue burden affirmative defense, it would necessitate allowing Defendant to ambush Plaintiff with evidence not provided in discovery nor through initial disclosures. Without such previously undisclosed evidence, Defendant cannot succeed on an undue burden affirmative defense.

(*Id.* at 15-16).

Defendant does not address Plaintiff's arguments related to discovery and disclosures. (*See* Doc. No. 70 at 6-9). But Defendant does dispute Plaintiff's suggestion that she is surprised by this defense, asserting it "has argued undue hardship/undue burden from the very beginning, and Plaintiff even addressed this issue in her motion for summary judgment (not just in response to DPI's own motion), in her Sixth Circuit briefing, and in her Sixth Circuit argument." (Doc. No. 70 at 9). Defendant asserts, "Plaintiff fully briefed and argued undue burden at summary judgement—demonstrating clear intent to litigate, not reserve the argument," and argues that because "Plaintiff intentionally litigated this issue rather than preserving the defense, [she is] implicitly waiving any right to exclude it." (*Id.*). I agree with Defendant, in part.

From the start of the case, Plaintiff has recognized the issue of "undue hardship." In the Complaint, Plaintiff asserted her failure to accommodate claim under the Americans with Disabilities Act ("ADA") by alleging:

> 122. Root informed Defendant of her disabling condition.
>
> 123. Root requested accommodations from Defendant to assist with her disabilities, including moving to a different location.

4

>124. Root's requested accommodations were reasonable.
>
>125. There was an accommodation available that would have been effective and **would have not posed an undue hardship to Defendant**.
>
>126. Defendant failed to engage in the interactive process of determining whether Root needed an accommodation.
>
>127. Defendant failed to provide an accommodation.

(*Id.* at 9-10) (emphasis added).[4] In response to each of these paragraphs, including the paragraph referencing "undue hardship", Defendant stated, "Defendant denies the allegations contained in paragraph [xx] of Plaintiff's Complaint." (Doc. No. 6 at 14-15). As such, from the time of the pleadings, Plaintiff was "on notice" that Defendant denied "[t]here was an accommodation available that would have been effective and would have not posed an undue hardship to Defendant" and had time to rebut that claim.

At the summary judgment stage, Plaintiff did not allege Defendant should be foreclosed from arguing "undue hardship" because it had not pled "undue hardship" as an affirmative defense. (Doc. Nos. 18-1, 26, 31). Instead, she treated the issue of "undue hardship" in the manner in which Defendant now advocates it be treated, as "built into" the burden shifting analysis of a failure to accommodate claim – something to be analyzed as a "matter of course [and] not reserved solely for situations where the defendant raised undue burden as an affirmative defense." (Doc. No. 70 at 7).

That is, in her motion for summary judgment, Plaintiff sets forth the "legal framework" for her failure to accommodate claim as follows:

>[Plaintiff] must show (1) that she is disabled, and (2) that she is "otherwise qualified" for the position despite her disability: (a) without accommodation; or (b) with a proposed reasonable accommodation. [*Kleiber v. Honda of Am. Mfg., Inc.,* 485 F.3d 862, 869 (6th Cir. 2007) (quoting *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 452 (6th Cir. 2004)).] Defendant then bears the burden of "proving that a challenged job criterion is essential, and therefore a business necessity, or that a proposed accommodation will impose an undue hardship upon" the company. [*Id.*]

---

[4] Plaintiff alleged these same allegations when asserting her Ohio law failure to accommodate claim. (Doc. No. 1 at 10).

5

(Doc. No. 18-1 at 22).[5] As part of her analysis of her claim under this legal framework, she asserted, "as a matter of law, Defendant cannot meet its burden to show that [Plaintiff]'s proposed accommodation would impose an undue hardship." (*Id.* at 28). In context, this sentence indicates Plaintiff's understanding at that time that Defendant had a burden to prove "undue hardship."

Aside from this analysis, Plaintiff also alleged in her opposition brief to Defendant's motion for summary judgment, "Defendant cannot assert that [Plaintiff]'s accommodation request was an 'undue hardship' for the first time in a Motion for Summary Judgment, without any Rule 56 evidence to demonstrate that Defendant discussed the same during Root's employment." (Doc. No. 26 at 16). In other words, Plaintiff did not challenge whether Defendant could argue "undue hardship" "for the first time in [its] Motion for Summary Judgment" altogether, but argued instead that it could not raise this argument without supporting evidence. This argument does not square with Plaintiff's argument now that "[b]ecause Defendant[ ] waited to raise the undue burden affirmative defense until after the close of discovery, Plaintiff did not conduct discovery on many of the elements of an undue affirmative defense." (Doc. No. 68 at 15).

Because Plaintiff's summary judgment briefing indicates that she expected Defendant to argue "undue hardship" at that stage in the litigation, I conclude Plaintiff was on notice of this defense prior to the close of discovery and thus was not deprived of an opportunity to conduct discovery to rebut any allegation by Defendant that her proposed or any other allegedly reasonable accommodation "would impose an undue hardship on the operation of [Defendant's] business." 42 U.S.C. § 12112(5)(A). As such, I reject Plaintiff's argument that Defendant's failure to raise "undue

---

[5] Similarly, in the discussion of her disability discrimination claim, Plaintiff stated the elements she was required to prove and then stated, "Once Root has established these elements, Defendant 'bear[s] the burden of proving that a challenged job criterion is essential ... or that a proposed accommodation will impose an undue hardship upon the employer.' [*Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173 (6th Cir. 1996).]" (Doc. No. 18-1 at 26-27).

6

hardship" as an affirmative defense in its Answer resulted in waiver of that defense and conclude "undue hardship" may be incorporated into the jury instructions.

But I carve two exceptions to this holding.

First, I note Plaintiff's argument regarding Defendant's disclosure obligations. With this, I order the parties to meet and confer immediately regarding what evidence Defendant seeks to present related to "undue hardship." Should Plaintiff identify any evidence that violates the disclosure rules, and Defendant not agree to exclude that evidence, the parties shall certify this dispute to me by submitting a joint statement identifying and describing the disputed evidence and setting forth the parties' respective positions and any legal authority in support.

Second, I reject Defendant's proposal to incorporate "undue hardship" into any jury instruction related to Plaintiff's failure to accommodate claim under the theory of failure to engage in the interactive process. (Doc. No. 67 at 35, 39-40). When advocating for inclusion of "undue hardship," Defendant suggests "undue hardship" is part of the burden-shifting analysis of any failure to accommodate claim. (Doc. No. 70 at 6-8). But contrary to Defendant's position, "undue hardship" is not part of a claim stating a violation of the ADA's interactive process mandate.

The Sixth Circuit recognizes an employer's "failure to engage in the interactive process is . . . an independent violation of the ADA if the plaintiff establishes a prima facie showing that he proposed a reasonable accommodation." *Rorrer v. City of Stow*, 743 F.3d 1025, 1041 (6th Cir. 2014). In other words, once a plaintiff shows she proposed an objectively reasonable accommodation, the interactive process mandate is triggered and both parties must participate in good faith "to 'identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations.'" *Kleiber,* 485 F.3d at 871 (quoting 29 C.F.R. § 1630.2(o)(3)).

The purpose of the interactive process mandate would be defeated if the employer could sidestep its duty to participate in the interactive process by proving that the plaintiff's initial

proposed accommodation, while objectively reasonable, would impose "undue hardship." Therefore, as a matter of law, I conclude the jury may not be instructed to consider "undue hardship" as a defense to Plaintiff's failure to accommodate claim under the theory of failure to engage in the interactive process. Should Plaintiff seek to proceed on her failure to accommodate claim under only this theory of relief, no "undue hardship" instruction will be given.

### III. CONCLUSION

For the foregoing reasons, I conclude the jury may be instructed on "undue hardship" but that no instruction of "undue hardship" may be given in the context of Plaintiff's claim of failure to accommodate under the theory of failure to engage in the interactive process.

I also order the parties to meet and confer immediately regarding what evidence Defendant seeks to present related to "undue hardship." Should Plaintiff identify any evidence that violates the disclosure rules, and Defendant not agree to exclude that evidence, the parties shall certify this dispute to me by submitting a joint statement identifying and describing the disputed evidence and setting forth the parties' respective positions and any legal authority in support. Counsel may submit any such statement to my chambers by email at helmick_chambers@ohnd.uscourts.gov. Counsel are also reminded that a telephone conference will be held this Friday, July 18, 2025, at noon.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge